**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUNDREY LETT, ) | NO. CV 11-1416-JFW (SS) |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND ORDER DISMISSING** |
| v. ) | |
| ) | **COMPLAINT WITH LEAVE TO AMEND** |
| SAN BERNARDINO COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a federal prisoner proceeding pro se, filed his Complaint alleging violations of 42 U.S.C. section 1983 ("Complaint") on September 7, 2011, against three named employees (collectively "Defendants"). For the reasons stated below, the Complaint is dismissed with leave to amend.

Congress mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or

malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following defendants: 1) San Bernardino County ("County"); 2) West Valley Detention Center ("West Valley"); and 3) Arrowhead Regional Medical Center ("Arrowhead"). (Complaint at 3).[1] Plaintiff asserts that West Valley and Arrowhead failed to provide him with "adequate medical care" by failing to timely respond to his requests for treatment. (Id. at 3-11). Specifically, Plaintiff claims West Valley ignored some of his requests for treatment. (Id. at 3-8). Further, Plaintiff asserts that Arrowhead committed "medical malpractice" when it took more than ten months to schedule a follow up operation after he was diagnosed with a deviated septum. (Id. at 9-10). According to Plaintiff, County is liable for West Valley and Arrowhead as the "power entity . . . due to joint and several liability." (Id. at 12). Defendants are all sued in their official capacity. (Id. at 3).

\\
\\
\\
\\

---

[1] Because Plaintiff's pagination does not follow consecutively, the Court cites pages consecutively as the appear in the Compliant.

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.[2]

**A.   The Claims Against Defendants In Their Official Capacities Are Defective**

Plaintiff is suing Defendants in their official capacity for ignoring his request of treatment and medical malpractice. (Complaint at 3). Additionally, Plaintiff seeks monetary damages equaling twenty-four million dollars. (Id. at 13). However, the Constitution bans damage actions against state officials in their official capacities. Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Therefore, Plaintiff's claims against Defendants in their official capacities are defective and must be dismissed.

**B.   Arrowhead And West Valley Are Not Proper Defendants To This Action**

Plaintiff asserts a claim against Arrowhead for medical malpractice for failing to provide him with timely medical treatment. (Complaint at

---

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

10). However, to state a claim under section 1983, a plaintiff must allege that the deprivation of a protected right was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982). Here, Arrowhead is a medical center that treated Plaintiff for the limited purpose of fixing his deviated septum. (Complaint at 7). However, Arrowhead is not a "state actor" for purposes of a section 1983 action. Accordingly, all claims against Arrowhead must be dismissed. See Anderson, 451 F.3d at 1067.

Additionally, Plaintiff's claims against West Valley Detention Center are deficient because West Valley is an "entity" and not an individual. A governmental entity cannot be sued unless it "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [Plaintiff] suffered." See Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Moreover, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior. Monell, 436 U.S. at 691-94. Thus, a government body cannot be held liable under section 1983 merely because it employs a tortfeasor. Id. Accordingly, the claims against West Valley must be dismissed.

**C.     To The Extent Plaintiff Complains of Medical Negligence, Plaintiff Has Failed To State A Calim**

Plaintiff's complaint alleges medical negligence. (Complaint at 3). Specifically, Plaintiff claims West Valley failed to provide him

4

with "adequate medical care" by failing to timely respond to his requests for medical attention, and by ignoring some requests altogether. (Id. at 3, 5-8). Further, Plaintiff claims that Arrowhead committed "medical malpractice" by failing to timely respond to his request for treatment until after he initiated this action, and postponing his operation for ten months. (Id. at 9-10).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995). There must also be a purposeful act or failure to act on the part of the official resulting in harm to Plaintiff. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Moreover, deliberate indifference "'entails something more than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross negligence," in the provision of medical care does not establish a constitutional violation).

Here, Plaintiff alleged claims against West Valley and Arrowhead for medical negligence for ignoring his treatment requests and unduly

delaying his surgery. (Complaint at 6, 10). However, such claims fail to state a constitutional claim for deliberate indifference because Plaintiff fails to allege facts showing more than mere negligence. Hearns, 413 F.3d at 1040. Thus, Plaintiff fails to state a section 1983 claim.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. A First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the previously filed complaint. **The caption of any First Amended Complaint must identify all parties that Plaintiff is suing.** Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies**

**described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **<u>A sample notice is attached to this order as well.</u>**

DATED: October 5, 2011

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

7