**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUNDREY LEDELLE LETT,                    )<br>                                          )<br>            Plaintiff,                   )<br>                                          )<br>       v.                                )<br>                                          )<br>SAN BERNARDINO COUNTY, et al.,            )<br>                                          )<br>            Defendants.                  )<br>_____) | NO. CV 11-1416-JFW (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**FIRST AMENDED COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

On November 7, 2011, Plaintiff, a California state prisoner proceeding pro se, filed a First Amended Complaint (the "FAC") in the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated below, the FAC is dismissed with leave to amend.[1]

Congress mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following five defendants in both their individual and official capacities:  (1) Rod Hoops, Sheriff of San Bernardino County ("Hoops"); (2) D. Rice, Registered Nurse at West Valley Detention Center ("Rice"); (3) M. Kortkamp, Registered Nurse at West Valley Detention Center ("Kortkamp"); (4) Patrick Petre, Administrator of Arrowhead Regional Medical Center ("Petre"); and (5) Jeffrey Roberts, M.D., Physician at Arrowhead Regional Medical Center ("Roberts") (collectively, "Defendants").  (FAC at 3-4).[2]

Plaintiff's sole claim is that Defendants were deliberately indifferent to his serious medical needs.  Plaintiff states that after he was incarcerated at West Valley Detention Center ("West Valley") in October 2009, he began feeling ill and experienced constant "nose drainage and stuffiness."  (FAC at 6).  Rice, a West Valley nurse, diagnosed his illness as a "simple cold."  (Id.).  After six weeks of worsening symptoms, Rice determined that Plaintiff had allergies.

---

[2] The Court will cite to the FAC, including its exhibits, as though the pages were consecutively numbered.

(Id.). Plaintiff was given Ibuprofen and allergy medication, which did not alleviate his symptoms. (Id.). Plaintiff filed grievances asking for blood tests and a CAT scan because he began discharging blood and a "gold colored thick mucus" from his nose and had "problems keeping food down." (Id. at 6-7). Plaintiff contends that even though he described serious symptoms during his medical visits, Rice refused to send Plaintiff to a doctor. (FAC at 9). Rice minimized Plaintiff's symptoms by telling him, "You ain't gone [sic] die, man up." (Id. at 10).

When the West Valley administration "ignored" his complaints, Plaintiff wrote a letter to Sheriff Hoops describing his symptoms and the problems with the medical care he was receiving. (Id. at 8). Plaintiff alleges that despite the letter, Hoops "refused to draw care [sic] or effort to get Plaintiff the treatment he needed." (Id.).

Plaintiff was eventually sent to Arrowhead Regional Medical Center ("Arrowhead"), where he was diagnosed with a deviated septum on July 10, 2010. (Id. at 9). A CAT scan in August 2010 revealed that in addition to a deviated septum, Plaintiff suffered from sinusitis, an infection that caused Plaintiff to lose the senses of taste and smell, in addition to his other symptoms. (Id. at 10).

Plaintiff alleges that after his deviated septum was diagnosed, West Valley nurse Kortkamp denied Plaintiff "further treatment" in a response to a grievance that Plaintiff filed in March 2011. (Id. at 10-11). In the response, Kortkamp notes that Plaintiff had been scheduled for surgery to repair his deviated septum at Arrowhead, but the surgery

3

"had to be cancelled for emergencies. A new appointment is pending." (Id., Exh. B at 26).

Plaintiff wrote to Petre, the Administrator of Arrowhead, to inform him that he still had not received his operation and that his symptoms were getting worse. (Id. at 14). Plaintiff contends that by not "intervening after notice was submitted," Petre knowingly allowed Plaintiff's condition to worsen. (Id.).

Even though Dr. Roberts ordered the CAT scan in August 2010 and correctly diagnosed Plaintiff with sinusitis, Plaintiff contends that Roberts did not "treat [the infection] or conduct the operation" (FAC at 15) and "never order[ed] a follow up." (FAC at 16). Accordingly, Plaintiff argues that Roberts "culpably refused to prevent [Plaintiff's infection] from occurring further [sic]." (Id. at 16).

Plaintiff seeks compensatory damages of "$11,750,000[.00] from each Defendant, jointly and severally," punitive damages of "$75,000.00 from each Defendant," and a declaration that Defendants' acts and omissions violated Plaintiff's constitutional rights. (FAC at 20).

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the FAC due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203

F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

### A. **The Claims Against Defendants In Their Official Capacities Are Defective**

Plaintiff sues Defendants in both their individual and official capacities. (FAC at 3-4). Plaintiff also seeks compensatory and punitive damages from each Defendant. (Id. at 20). However, the Constitution bars suits for money damages in federal court against state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claims against Defendants in their official capacities are defective and must be dismissed.

### B. **Plaintiff Fails To State A Claim Against Hoops And Petre In Their Role As Supervisors Of Other Employees**

Plaintiff alleges that he wrote a letter to Hoops and Petre alerting them to his need for medical care, but they did not intervene or ensure that he received the requested care. (FAC at 7-8, 14). To state a cause of action under section 1983 against an individual defendant, the plaintiff must establish that the defendant had personal involvement in the civil rights violation or that his action or inaction caused the harm suffered. Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, that is, merely because they are supervisors of the

individuals who allegedly caused the plaintiff harm. See <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Rather, "liability [may be] imposed against a supervisory official in his individual capacity [only] for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." <u>Preschooler II v. Clark County Bd. of Trustees</u>, 479 F.3d 1175, 1183 (9th Cir. 2007).

Plaintiff alleges that Hoops is "legally responsible for the overall operation" of West Valley and that Petre is "legally responsible for all of the operations" at Arrowhead, and implies that they are therefore liable for the actions of the medical staff at their respective institutions. (FAC at 5, 14). However, the FAC fails to include specific allegations that Hoops and Petre were <u>personally</u> involved in directing or participating in these purported constitutional violations. Although Plaintiff states that he notified Hoops and Petre of his medical complaints via letter, merely informing a supervisory official by letter of unconstitutional conduct is insufficient to establish that official's personal responsibility. See <u>Crowder v. Lash</u>, 687 F.2d 996, 1005-06 (7th Cir. 1982); <u>see also</u> <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980) (prison director not responsible for neglect or delay of prisoner's medical care "in the absence of his direction or participation therein"); <u>Samonte v. Bauman</u>, 264 Fed. Appx. 634, 636 (9th Cir. 2008) (plaintiff failed to state a claim for deliberate indifference against governor where the only allegation in the complaint was that plaintiff wrote letters to the governor complaining about his

prison medical care but received no reply).  Plaintiff must allege specific facts showing what Hoops and Petre personally did and how their action or inaction <u>directly</u> caused a violation of Plaintiff's civil rights.  If Plaintiff lacks such facts involving these defendants, then they should not be named in a future complaint.  Accordingly, the FAC is dismissed with leave to amend.

**C.   Plaintiff Fails To State A Claim Against Kortkamp**

Plaintiff generally alleges that Kortkamp "denied Plaintiff further treatment after it was known of [sic] Plaintiff's medical condition," (FAC at 10), but the evidence Plaintiff cites to support that allegation contradicts his assertion.  (<u>See</u> <u>id.</u>, Exh. B at 25).[3]  Plaintiff submitted a grievance on March 1, 2011 complaining that he still had not received an operation to repair his deviated septum.  (<u>Id.</u> at 27). Kortkamp completed an Inmate Medical Grievance Investigation response one week later, on March 8, 2011, acknowledging that Plaintiff had been scheduled for surgery at Arrowhead and that the surgery had not been done.  (<u>Id.</u> at 26).  Kortkamp's findings, however, did not "deny" Plaintiff further treatment.  Rather, Kortkamp wrote: "Apparently your surgery had to be cancelled for emergencies.  A new appointment is pending."  (<u>Id.</u>).  Consequently, Plaintiff has not shown that Kortkamp's response "denied" him medical care.  However, even if Kortkamp had denied Plaintiff's demand for medical care, the denial of a grievance,

---

[3] Plaintiff also refers to Exhibit A, another Inmate Medical Grievance Investigation response, in his allegations regarding Kortkamp. (<u>See</u> FAC at 10).  This reference appears to be an error because the Grievance Investigation response attached as Exhibit A was completed by Rice, not Kortkamp.  (<u>See</u> <u>id.</u>, Exh. A at 22).

by itself, is insufficient to establish liability under section 1983. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prisoners do not have a constitutional right to a particular grievance process). Plaintiff must allege facts showing that Kortkamp was aware of his serious medical needs but deliberately disregarded them. If Plaintiff lacks facts involving this defendant to allege such a claim, then Plaintiff should omit this defendant from future amended complaints. The mere denial of a grievance fails to state a Section 1983 claim. Accordingly, the FAC must be dismissed with leave to amend.

**D.     To The Extent Plaintiff Complains of Medical Negligence, Plaintiff Has Failed To State A Claim Against Rice**

Plaintiff's claim against Rice appears to be based, at least in part, on allegations of medical negligence. Plaintiff states that Rice initially diagnosed him with a cold and later with an allergy. (FAC at 6). During this period, Plaintiff's symptoms worsened, but Plaintiff was not given a blood test or CAT scan despite his requests. (Id. at 7). Even though Rice appears to have misdiagnosed Plaintiff's condition, an error in diagnosing an illness alone is not sufficient to establish a claim for deliberate indifference.

Deliberate indifference "'entails something more than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross negligence," in the

8

provision of medical care does not establish a constitutional violation). Plaintiff must establish that Rice knew of his serious medical needs, but deliberately disregarded them. Accordingly, the FAC must be dismissed with leave to amend.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint, curing the defects in the FAC described above. A Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint. The caption of any Second Amended Complaint must identify all parties that Plaintiff is suing. Each page of the Second Amended Complaint, including exhibits, must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations only to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached**.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies**

**described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A sample notice is attached to this order as well.**

DATED: December 2, 2011

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE